IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03579-GPG-KAS

KEYSTONE SYMPOSIA ON MOLECULAR AND CELLULAR BIOLOGY,

    Plaintiff,

v.

DOMAINS IDENTIFIED AS DEFENDANTS' DOMAINS, and Jane or John Does,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on **Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference** [#2] (the "Motion").[1] The Motion [#2] has been referred to the undersigned. *See Memorandum* [#6]. For the reasons stated below, the Motion [#2] is **GRANTED**.

**I. Background**

In this lawsuit, Plaintiff brings claims of trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; cybersquatting under the Lanham Act; common law trademark infringement; deceptive and unfair trade practices under the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*; trademark infringement under Colorado law; unfair competition under Colorado law; and common law fraud. *See Compl.* [#1], ¶ 2.

---

[1] The Motion [#2] incorporates a "Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" as part of the same document.

Plaintiff is a nonprofit corporation that holds "50-60 open, peer-reviewed conferences and symposia annually, covering a range of research fields in the life sciences and biomedical sciences." *Id.*, ¶ 8. It owns, operates, manages, and controls the website https://www.keystonesymposia.org/; owns the federally registered "Keystone Symposia" trademark; and uses a specific design mark in connection with its goods and services. *Id.*, ¶¶ 10-12.

Plaintiff alleges that Defendants—the two internet domains, sponsorships-keystonesymposia.org and funding-keystonesymposia.org, as well as the John or Jane Doe(s) who own those domains—have engaged in a "phishing" scheme in which "they impersonate Keystone employees in order to deceive Keystone customers into paying expensive registration fees for upcoming symposia hosted by Keystone." *Id.*, ¶ 1. Defendants' true identities are currently unknown to Plaintiffs. *Id.*, ¶ 4; *see also Motion* [#2] at 3-4 (asserting that "the true identity of Defendant [Doe] is not readily discernable because it is not made public" and providing a screenshot of WHOIS[2] search results).

Plaintiff names three third-parties likely to have identifying information about the Doe Defendant(s): Hostinger International Ltd. ("Hostinger"), a web hosting company; Privacy Protect, LLC ("Privacy Protect"), which provides a WHOIS privacy service for domain owners; and PayPal Holdings, Inc. ("PayPal"), a payment service provider. *See Compl.* [#1], ¶¶ 15-17; *Motion* [#2] at 4.

---

[2] WHOIS is "an Internet service that finds information about a domain name or IP address. . . . If [one] enter[s] a domain name in a WHOIS search engine, it will scour a huge database of domains and return information about the [domain name] entered. This information typically contains the name, address, and phone number of the administrative, billing, and technical contacts of the domain name." *XMission, L.C. v. Adknowledge, Inc.*, No. 2:15-cv-277-TC, 2016 WL 3562039, at *1 (D. Utah June 24, 2016) (quoting *WHOIS*, SHARPENED PRODUCTIONS, https://techterms.com/definition/whois (last accessed January 2, 2025)).

2

## II. Legal Standard

Generally, formal discovery is not permitted until the parties have conferred under Fed. R. Civ. P. 26(f). *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). However, a court may exercise discretion to "alter the timing, sequence, and volume of discovery." *See Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

In this District, courts have permitted expedited discovery upon a showing of good cause. *See, e.g.*, *SEBO Am., LLC v. Does*, No. 21-cv-02865-RM-STV, 2021 WL 5167196, at *1 (D. Colo. Oct. 29, 2021) (citing *Pod-Ners v. N. Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002)); *Liberty Media Holdings, LLC v. Colo. Members of Swarm of Nov. 19, 2010 to Dec. 11, 2011*, No. 11-cv-01170-WJM-KMT, 2011 WL 1812554, at *1 (D. Colo. May 12, 2011) (citing same). "Good cause may exist where the plaintiff seeks a preliminary injunction, where the moving party has asserted claims of infringement or unfair competition, or 'where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation.'" *SEBO Am., LLC*, 2021 WL 5167196, at *1 (quoting *Qwest Commc'ns*, 213 F.R.D. at 419).

A plaintiff's inability to identify a defendant is "one of the few reasons that early discovery is generally permitted." *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-cv-00307-WYD-MEH, 2013 WL 3753436, at *4 (D. Colo. July 14, 2013) (citing *20/20 Fin. Consulting, Inc. v. Does 1-5*, No. 10-cv-01006-

3

CMA-KMT, 2010 WL 1904530, at *1 (D. Colo. May 11, 2010)). In such situations, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *20/20 Fin. Consulting*, 2010 WL 1904530, at *1.

### III. Analysis

Here, Plaintiff's claims include allegations of trademark infringement, unfair competition, and common law fraud. *See, e.g.*, *Compl.* [#1], ¶¶ 36-51 (claims for trademark infringement and unfair competition under the Lanham Act), 66-69 (claim for trademark infringement and unfair competition under Colorado law), 70-78 (common law fraud). Additionally, Plaintiff represents that it is unable to identify the Doe defendant(s). *See Decl. of Baumgartner* [#2-1], ¶ 4. In such circumstances, courts have allowed discovery to identify those unknown defendants. *See 20/20 Fin. Consulting*, 2010 WL 1904530, at *1 (discussing *Arista Records, LLC v. John Does* 19, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (permitting expedited discovery in copyright infringement lawsuit upon finding good cause); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001) (permitting expedited discovery in trademark infringement lawsuit upon finding good cause)).

Plaintiff states that it has determined Defendants are using the services of Hostinger, Privacy Protect, and PayPal—a web hosting company, privacy service provider, and payment processing company, respectively—to conduct their phishing scheme. *See Decl. of Baumgartner* [#2-1], ¶ 5. Given the service providers' roles, Plaintiff expects that these non-party entities "possess information that is very likely to lead to the

4

detection of the Defendant's identities and whereabouts." *Motion* [#2] at 7. The Court agrees and therefore concludes that good cause exists to allow Plaintiff to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovering the identities of the Doe defendant(s) who own the two domain names at issue.

However, Plaintiff did not attach copies of its proposed subpoenas, so the Court cannot determine whether they would be appropriately narrow. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#2] is **GRANTED**. Plaintiff may serve third-party subpoenas on Hostinger, Privacy Protect, and PayPal pursuant to Fed. R. Civ. P. 45 prior to the Rule 26(f) conference, for the limited purpose of ascertaining the identity of the Doe Defendant(s) as described in the Complaint [#1]. These subpoenas shall be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Doe Defendant(s) associated with the Defendant domains. Plaintiff shall also serve a copy of this Order with the subpoena. *Cf. SEBO Am., LLC*, 2021 WL 5167196, at *2 (granting similar motion subject to these conditions).

Dated: January 8, 2025                                       BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge